UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GURMEET SINGH,

        Petitioner,

    v.

WARDEN OF GOLDEN STATE ANNEX FACILITY,

        Respondents.

Case No. 1:26-cv-04032 (AMO)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

This habeas action concerns the detention of Petitioner Angel Ramos Ortiz, a noncitizen who has lived in the United States since June 6, 2024.  Based on the Government's new interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community.  This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order.  *See* Dkt Nos. 1, 2.  Respondents filed a joint response to the motion and petition on June 1, 2026 per the deadline set by the Court.  *See* Dkt. No. 6.  Petitioner did not file a reply.

For the reasons explained below, the Court **GRANTS** Petitioner's writ of habeas corpus, and resolves the motion for temporary restraining order as moot.

I.     **BACKGROUND**

Petitioner is a citizen of India who entered the United States near Tecate, California on June 6, 2024.  Dkt. No. 1 ¶ 20.  Though not spelled out clearly by either party in the record, it appears Petitioner was apprehended by immigration officials at some point following his entry and placed in removal proceedings under INA Section 240.  *See id*. ¶¶ 2, 20, 57.  Following his release, Petitioner contends he has maintained a clean criminal record, has abided by all the

conditions of his release, and has applied for asylum. *Id*. ¶¶ 51, 58, 65.

Despite no apparent change in circumstances since Petitioner's initial release, he was re-detained by ICE on May 18, 2026. *Id*. ¶ 61. Neither party has provided any details regarding the circumstances of that arrest, such as whether a warrant was issued. Based on the record before the court, Petitioner's immigration case appears to be ongoing. *Id*. ¶ 62. There are currently no future hearings scheduled before the immigration court. *See* EOIR, Automated Case Information, available at https://acis.eoir.justice.gov/en/caseInformation.

## II.     LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner filed this habeas petition and a motion for temporary restraining order on May 26, 2026, arguing that his prolonged detention without a finding that he is a flight risk or danger to the community violates due process (count 1), the Immigration and Nationality Act ("INA") (count 2), and the Administrative Procedure Act (count 3). *See* Dkt. No. 1 ¶¶ 68–90. Because Petitioner's procedural due process claim affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other remaining claims for relief.

United States District Court
Eastern District of California

### A.      Proper Respondents

As an initial matter, Respondents in a footnote to their response moved "to strike and to dismiss all improperly named officials under 28 U.S.C. § 2241[,]" arguing that a "petitioner seeking *habeas corpus* relief is limited to name only the officer having custody of him as the respondent to the petition." Dkt. No. 6 at n.1. "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Petitioner did not file a reply to respond to Respondent's request, which is interpreted as a non-objection. As such, the request is granted. The Court dismisses all respondents but the Warden of the Golden State Annex.

### B.      8 U.S.C. § 1225(b)(2) Does Not Apply to Petitioner.

Respondents' only argument in response to the petition and motion is that Petitioner may be detained as "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1226(b)(2)." Dkt. No. 6 at 1. This argument has been widely rejected across this circuit, and indeed, throughout the United States. *See, e.g.*, *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 91 (2d Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D. Cal. Oct. 17, 2025) (collecting cases). Applying Section 1225 to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). As

United States District Court
Eastern District of California

3

such, Petitioner's continued detention under Section 1225 is unlawful.

Given Respondents' failure to articulate a lawful basis for Petitioner's detention, the Court next turns to his due process claim.

### C.    Petitioner's Re-Detention Violated Due Process

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

#### 1.    Liberty Interest

Though neither party has specified exactly what Petitioner's custody status was between the time of his entry into the United States on June 6, 2024 and his most recent detention on May 18, 2026, Petitioner contends that he is currently "re-detained"—a fact which Respondents did not dispute in response. *See* Dkt. No. 1 ¶ 4. Given that Petitioner was released into the interior of the United States—and the fact that Respondents have only argued that Section 1225(a) controls detention—the court need not determine precisely what statute controlled Petitioner's release. Where a noncitizen is detained and then released by the government, courts have generally found that he maintains a protected liberty interest in his continued freedom. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same). The same is true for Petitioner here.

#### 2.    *Mathews* Factors

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53

United States District Court
Eastern District of California

F.4th 1189, 1206 (9th Cir. 2022).  There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over two years.  In the intervening years he has been allowed to develop ties in the community and pursue his application for asylum at liberty.  His "detention denies [him] that freedom."  *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S. v. Chestnut*, 2025 WL 3167826, at *8 (E.D. Cal. Nov. 12, 2025) ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.' ") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained.  In fact, Petitioner maintains that he has a clean criminal record and has complied in all his immigration proceedings—a fact Respondents do not dispute. Dkt. No. 1 ¶ 51.  As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high."  *A.E.*, 2025 WL 1424382, at *5.

5

The final *Mathews* factor also weighs in Petitioner's favor.  Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low."  *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025).  In immigration court, custody hearings are routine and impose a "minimal" cost.  *Doe*, 787 F. Supp. 3d at 1094.  "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first.  *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, he is entitled to release.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Petition is **GRANTED**.   **IT IS HEREBY ORDERED** that:

1.     Respondents immediately release Petitioner Gurmeet Singh from their custody.

2.     Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.     If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.     The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: June 11, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Eastern District of California

6